

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 24, 1975

The Honorable Marvin F. Marshall
Hale County Attorney
Hale County Courthouse
Plainview, Texas 79072

Opinion No. H- 592

Re: Whether upon presentation of a petition a county is required to call an election to invalidate bonds already authorized.

Dear Mr. Marshall:

You have requested our opinion regarding whether upon presentation of a petition the Commissioners Court of a county is required to call an election to invalidate previously authorized road bonds. You describe the situation as follows:

> On June 15, 1974, the Commissioners Court of Hale County, Texas requested an election to be held in Hale County to determine whether or not $1,000,000 in bonds should be issued for the purpose of right-of-way improvements of the existing Highway No. 70 West from Plainview, Texas. The election resulted in defeat of the bonds by 70 votes.

> On July 1, 1974, the Commissioners Court ordered a second election to be held on August 6, 1974. That election carried by 166 votes.

> In an open meeting of the Commissioners Court on September 9, 1974, a petition was presented to the Commissioners Court containing approximately 500 signatures. That petition seeks a third election presumably under Article 742b [sic], Vernon's Annotated Texas Civil Statutes, to determine again the issue of $1,000,000 in bonds. No bonds have been issued pursuant to the August 6, 1974 election.

Under the provisions of article 752b, V. T. C. S., the commissioners court of a county is required to order an election:

> [u]pon the petition of the resident property taxpaying
> voters of any county equivalent in number to one
> percent or more of the total votes cast in said county
> in the last preceding general election for Governor
> . . . to determine whether or not the bonds of such
> county shall be issued for the purpose of the construc-
> tion, maintenance and operation of macadamized,
> graveled, or paved roads and turnpikes, or in aid
> thereof, and whether or not taxes shall be levied on
> all taxable property of said county, subject to taxation,
> for the purpose of paying the interest on said bonds
> and to provide a sinking fund for the redemption thereof
> at maturity. . . . In lieu of the petition process described
> in this section the commissioners court of a county may,
> by majority vote, order the election.

Since article 752b is applicable to all elections "to determine whether or not the bonds of such county shall be issued," the statute could arguably be construed to apply to bond revocation elections. We believe, however, that a legislative intent not to include revocation elections within the scope of article 752b may be inferred from the existence of article 717g, V. T. C. S., which provides a separate means for revoking previously authorized bonds:

> Section 1. The Commissioners Court of any county
> and the governing body of any incorporated city or town,
> including Home Rule Cities, are hereby empowered and
> authorized to order an election or elections for the purpose
> of determining whether the authority to issue bonds there-
> tofore voted but which have not at the time of ordering
> such election been sold and delivered shall be revoked
> or canceled. The authority granted by this Act shall apply
> to unsold and undelivered bonds whether the same constitute
> all or only a portion of an issue. Such election shall be
> ordered, held, and conducted in the same form and manner
> and under the same procedure as that at which such bonds
> were originally authorized. . . .

Article 717g clearly confers discretion upon the commissioners court as to whether to order a revocation election. Since article 752b is at best ambiguous regarding the inclusion therein of bond revocation elections, it is our opinion that article 717g provides the exclusive means by which previously authorized bonds may be revoked. Accordingly, a commissioners court is not required, upon presentation of a petition pursuant to article 752b, to call an election to invalidate previously authorized road bonds.

### S U M M A R Y

A commissioners court is not required, upon presentation of a petition, to call an election for the purpose of invalidating previously authorized road bonds.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee